UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| ANNE WHITE HAT, et al | * | CIVIL ACTION NO.  6:20-CV-00983 |
| vs. | * | JUDGE SUMMERHAYS |
| JEFF LANDRY, et al | * | MAGISTRATE JUDGE  WHITEHURST |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF
SHERIFF'S RE-URGED MOTION TO DISMISS
AND IN SUPPORT OF MOOTNESS**

MAY IT PLEASE THE COURT:

PROCEDURAL BACKGROUND

This matter was initially filed in the Middle District of Louisiana and included Louisiana Attorney General Jeff Landry as a defendant.  The Attorney General, District Attorney Duhe, and Sheriff Theriot all filed Motions to Dismiss the entire suit (Docs. 30, 31, and 32), and included motions based on improper venue.  Judge deGravelles found that the Attorney General was not a proper defendant and dismissed him.  Judge deGravelles then proceeded to analyze the venue issue and concluded that the case should be transferred to the Western District, where the events at issue took place and where the remaining defendants are located.  (Doc. 48, p. 33.)  Nowhere in its Ruling and Order did the Court analyze or consider the Sheriff's remaining Motions to Dismiss, which raised issues of standing and abstention.  Nonetheless, the Court ruled that the remaining Motions to Dismiss were denied.  (Doc. 48, p. 34.)  No reasons were given for the denials, and they may have been due more to the fact that the case was being transferred to the Western District

1

than to any consideration of the merits. In any case, the denial of a Motion to Dismiss is an interlocutory order, and as such, it is subject to reconsideration at any time before final judgment. F.R.C.P. 54(b); *Broussard v. Chevron, U.S.A.,* 2013 WL 5798942 (WD La. 10/25/2013) (court may reconsider for any reason it deems sufficient). We suggest that the Sheriff's Motions to Dismiss based on lack of standing and on abstention should be reconsidered now that the case is in the proper venue.

In addition, a new ground for dismissal of Sheriff Theriot has arisen since the original Motions to Dismiss were filed back in 2019: Sheriff Theriot has retired from office as of July 1, 2020 at the completion of his term of office. An injunction against him will serve no purpose, so this action is moot as it pertains to him.

LAW AND ARGUMENT

Former Sheriff Ronald Theriot re-asserts two grounds for the dismissal of this action:

1. Plaintiffs lack standing to obtain the prospective relief they have demanded, thereby failing to establish subject matter jurisdiction; and
2. This Court must abstain from exercising jurisdiction with respect to ongoing criminal matters pending in the State Court.

With respect to standing, Plaintiffs generally seek a declaration that R.S. 14:61 is unconstitutional as it pertains to pipelines, and an injunction prohibiting the Defendants from enforcing that statute as it pertains to pipelines. Article III of the U.S. Constitution requires an actual case or controversy for Federal jurisdiction to arise. To demonstrate standing, it must be alleged that each plaintiff has sustained or is immediately in danger of sustaining some direct injury, which must be both real and immediate, not conjectural or hypothetical. In this case,

Plaintiffs are asking for prospective relief. However, none of the Plaintiffs make the necessary allegations of real and immediate danger of future injury. They allege only general concerns about non-specific future events at non-specific locations.

With respect to abstention, this Court should decline to exercise jurisdiction over the claims of the three Plaintiffs who were arrested (White Hat, Mejia, and Savage). Criminal proceedings were begun with the arrests. Once State criminal proceedings have begun, neither injunctive nor declaratory relief is appropriate in Federal Court absent a showing of bad faith or some extraordinary circumstance.

Finally, as a new ground for dismissal, raised for the first time herein, Sheriff Theriot retired from office as of July 1, 2020. The action for an injunction against him is now moot. He should be dismissed from this suit.

I. THE PLAINTIFFS HAVE NOT DEMONSTRATED STANDING FOR PROSPECTIVE RELIEF.

As the parties asserting Federal jurisdiction, Plaintiffs have the burden of proving that jurisdiction exists. *Simmons v. Smith,* 774 Fed. Appx. 228 (5 Cir. 8/5/2019). The question of jurisdiction may be decided based upon: 1) the complaint alone; 2) the complaint supplemented by undisputed facts evidenced in the record; or 3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United States,* 74 F.3d 657, 659 (5 Cir. 1996). In this case, the complaint alone demonstrates the absence of standing among the Plaintiffs.

The Plaintiffs are suing for prospective relief only, asking for a declaratory judgment regarding the constitutionality of R.S. 14:61 and an injunction to prevent the Defendants from enforcing this statute as it pertains to pipelines. None of the Plaintiffs allege any intention of

mounting a future protest in St. Martin Parish. They simply allege a concern that if they were to engage in a protest at some unspecified location within the state, they may not know when they are violating the statute. The landowner Plaintiffs (Katherine Aaslestad, Peter Aaslestad, Theda Wright, Alberta Stevens, and Judith Hernandez) simply allege that they are concerned about the people who were arrested and whether they can be on their own property. (Doc. 1, par. 23 and 25.) Plaintiffs Harry Joseph, RISE St. James, 350 New Orleans, and Louisiana Bucket Brigade are concerned with St. James Parish rather than with St. Martin Parish. (Doc. 1, Par. 26 – 29.) None have alleged that they were ever threatened with arrest by Sheriff Theriot. Plaintiffs White Hat, Mejia, and Savage allege arrests in August and September of 2018 in St. Martin Parish, but as of the filing of this suit in May of 2019, do not allege any immediate plans to launch additional protests or demonstrations in St. Martin Parish. From September 2018 through the filing of this suit in May 2019, Plaintiffs have not identified any encounter with any St. Martin Parish Sheriff's deputy, nor any encounter with Sheriff Theriot himself.[1]

Under *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-561 (1992), in order to establish standing, Plaintiffs must demonstrate three elements:

1. Each plaintiff has suffered some injury in fact - an invasion of a legally protected interest which is concrete and particularized, and actual or imminent;

2. There is a causal connection between the injury and the conduct of the defendant that is the subject of the compliant; and

3. That it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

---

[1] This is not surprising since construction of the Bayou Bridge Pipeline within St. Martin Parish was completed in November 2018 and construction within Louisiana was completed by about the end of December 2018. Plaintiffs have alleged that the pipeline was controversial, but they have made no allegation that construction of this pipeline was ongoing when their suit was filed.

When a plaintiff sues for injunctive relief, the prospective injury must be "real and immediate." As the court phrased it in *O'Shea v. Littleton,* 414 U.S. 488, 493 (1974):

> Plaintiffs in the federal courts 'must allege some threatened or actual injury resulting from the putatively illegal action before a federal court may assume jurisdiction.' . . . There must be a 'personal stake in the outcome' such as to 'assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions.' . . . Nor is the principle different where statutory issues are raised. . . . Abstract injury is not enough. It must be alleged that the plaintiff 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged statute or official conduct. . . . The injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'
> [Internal citations omitted.]

In *O'Shea*, the plaintiffs were minority and/or poor residents of Cairo, Illinois who alleged discriminatory enforcement of criminal laws and bail administration by local law enforcement and judicial officers. The Court found that even though some of the plaintiffs had been arrested in the past, none alleged a specific threat of prospective arrest in the immediate future. The Court found that jurisdiction was lacking.

A similar result was reached in *City of Los Angeles v. Lyons,* 461 U.S. 95 (1983). In that case, the plaintiff had been arrested after a traffic stop and alleged that he was placed in a chokehold. Along with a claim for damages, he asserted a claim for declaratory and injunctive relief. The matter was tried on the claim for a preliminary injunction; the damage claim was severed. 461 U.S. at 99, and fn. 6. The Court found that the prior arrest and choking incident from five months before the suit did not establish that the plaintiff would again be stopped and subjected to a chokehold. 461 U.S. at 105. Even the allegation that the police routinely applied chokeholds "falls far short of the allegations that would be necessary to establish a case or controversy between these parties." *Id.* The Court dismissed the claim for equitable relief for lack of jurisdiction.

5

By contrast, in the case of *Steffel v. Thompson,* 415 U.S. 452 (1974), the plaintiff and his companion were handing out anti-war leaflets in a shopping center when the owner of the shopping center complained to the police, and the police threatened plaintiff and his companion with arrest if they did not leave. Plaintiff and his companion left, but they returned a couple of days later and were again threatened with arrest if they did not leave. Plaintiff's companion remained and was arrested. Plaintiff left to avoid arrest. Plaintiff alleged that he desired and intended to return to hand out leaflets at the shopping center, and that he believed he had the right to do so even over the objection of the shopping center owner, but that he did not want to risk arrest. In that case, the Court found the "real and immediate" threat of injury required for standing. Also note that in *Steffel* the Court held that a plaintiff in an action for declaratory judgment does not need to allege and prove irreparable injury (as required for an injunction), but must still establish standing by showing a real and immediate threat of injury. 415 U.S. at 458-459.

The contrast between *Steffel* and the present case could hardly be more stark. Plaintiffs in the present case have not identified a specific protest or demonstration that they plan to carry out, much less a specific location or law enforcement jurisdiction. As far as the Complaint discloses, the next protest may be in St. James Parish, where an injunction or judgment involving Sheriff Theriot will be of no use whatsoever (thus undermining the "redressability" element of standing as well). Plaintiffs have not identified any specific future activity at all. They simply profess to be concerned about what they contend to be vague or overly broad language in R.S. 14:61. In parts of the Complaint they reveal their real concern to be that protest activity that used to result in a misdemeanor citation can now result in a felony arrest. (Doc. 1, Par. 11, 103, and 104.) Plaintiffs' general concerns are not enough to establish the real and immediate threat of injury required to invoke Federal jurisdiction. Their suit must be dismissed for lack of jurisdiction.

6

II.     THE COURT MUST ABSTAIN FROM EXERCISING JURISDICTION OVER THE CLAIMS OF THE THREE PLAINTIFFS WHO WERE ARRESTED.

In *Younger v. Harris,* 401 U.S. 37 (1971), the Court addressed the federalism concerns that require Federal Courts to abstain from issuing injunctions regarding State Court criminal proceedings in the absence of bad faith prosecution or extraordinary circumstances threatening great and immediate irreparable injury. In the companion case of *Samuels v. Mackell,* 401 U.S. 66 (1971), the Court held that the abstention doctrine extended to declaratory judgment actions, and that such actions are prohibited once state criminal proceedings have begun (absent bad faith prosecution or extraordinary circumstances). See also, *Kugler v. Helfant,* 421 U.S. 117 (1975) (In the absence of exceptional circumstances creating a threat of irreparable injury, both great and immediate, a federal court must not intervene by way of either injunction or declaratory judgment in a pending state criminal prosecution.) In *Bice v. Louisiana Public Defender Bd.*, 677 F.3d 712, 716 (5 Cir. 2012), the *Younger* abstention doctrine was held to require three elements:

- An ongoing criminal proceeding, or a very limited class of civil proceedings (See, *Sprint Communications, Inc. v. Jacobs,* 571 U.S. 69, 134 S.Ct. 584, 187 L.Ed.2d 505 (2013);
- An important state interest at stake; and
- An adequate opportunity to raise the issue being litigated in the state proceeding.

In *Doran v. Salem Inn, Inc.,* 422 U.S. 922 (1975), the Court held that *Samuels* barred declaratory relief for a plaintiff who was served a criminal summons the day after the Federal suit was filed. Service of the summons began the state criminal proceeding for purposes of abstention. *Doran* involved three different bars who were challenging an ordinance against topless dancing. Two of the bar owners maintained compliance with the challenged ordinance after it went into

effect and while their Federal suit was pending. However, the third bar owner re-started the practice of topless dancing the day after his Federal suit was filed, and he was immediately served with a summons for the violation. The Supreme Court held that the service of the summons initiated the state criminal proceedings and required the Federal Court to abstain from exercising jurisdiction over the third bar owner's claims, particularly since the Federal suit was in an embryonic stage when the state criminal proceeding began.

In the present case, state criminal proceedings were begun against Plaintiffs White Hat, Mejia, and Savage when they were arrested. There can be no meaningful difference between the service of the summons by the officers in *Doran* and the arrests by the officers in the present case. Under Louisiana law, a summons may be used instead of an arrest in some circumstances. LSA – C. Cr. P. art. 211. Functionally, they are the same thing. Thus, the first element of *Younger* abstention is satisfied; there is a criminal proceeding that began with the arrests.

With respect to the second element of *Younger* abstention, the State has an obvious interest in the administration of its criminal laws and in any decision regarding the constitutionality of one of those laws. Thus, the second element of *Younger* abstention is satisfied. Finally, the arrestees will have an adequate opportunity to raise any challenge to the constitutionality of R.S. 14:61 in the State Court proceedings. The third element of *Younger* abstention is also satisfied. This Court must abstain from exercising jurisdiction over the claims of Plaintiffs White Hat, Mejia, and Savage.

### III. THE ACTION FOR INJUNCTIVE AND DECLARATORY RELIEF AGAINST SHERIFF THERIOT IS MOOT NOW THAT HE HAS RETIRED.

Of course, as it has been publicly reported, Sheriff Theriot retired from office effective July 1, 2020 when Sheriff Becket Breaux was sworn into office.[2] Rule 201 of the Federal Rules of Evidence allows the Court to take judicial notice of an adjudicative fact. It provides in subsection (b) as follows:

> The court may judicially notice a fact that is not subject to reasonable dispute because it:
> (1) is generally known within the trial court's territorial jurisdiction; or
> (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Subsection (c)(2) requires the court to take judicial notice if a party requests it and the court is supplied with the necessary information. There is really no dispute about this fact. Former Sheriff Theriot requests that the Court take judicial notice of his retirement and submits that the requirements of Rule 201 are satisfied in this case.

Article III of the United States Constitution requires the existence of a case or controversy to support a federal court's jurisdiction. *Amar v. Whitley,* 100 F.3d 22, 23 (5 Cir. 1996). Mootness is "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness)." *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 397, 100 S. Ct. 1202, 63 L.Ed. 2d 479 (1980). A question of mootness challenges the subject matter jurisdiction of the court and may be raised under Rule 12(b)(1). As noted above (p. 3), the question of jurisdiction may be decided upon the Complaint supplemented by undisputed facts. Plaintiffs have asked this Court to enter

---

[2] See, https://www.katc.com/news/st-martin-parish/becket-breaux-sworn-in-as-sheriff-of-st-martin-parish#:~:text=Becket%20Breaux%20has%20been%20sworn,serving%20the%20residents%20of%20St.
And https://www.iberianet.com/news/breaux-sworn-in-as-st-martin-parish-sheriff/article_7c24b6a6-bbd2-11ea-9bb0-8f07d40b0ef2.html

an injunction against former Sheriff Theriot "prohibiting enforcement of recent amendments to La. R.S. 14:61 pertaining to pipelines." (Doc. 1, p. 35.) Since his retirement, former Sheriff Theriot is in no position to enforce the statute, and an injunction against him is pointless, as is a declaration regarding the constitutionality of the statute. See, *Shaffer v. Howard,* 249 U.S. 200, 39 S.Ct. 255, 63 L.Ed. 559 (1919), (suit for injunction moot when defendants left office); *Doe v. Carter,* 2011 WL 4962060 (N.D. Tex. 10/19/2011) (action for injunctive and declaratory relief against a prison guard was moot when the guard was terminated). Plaintiffs' action for injunctive and declaratory relief against former Sheriff Theriot is now moot with his retirement.

IV. CONCLUSION

For all of the foregoing reasons, this Honorable Court should dismiss the Complaint.

Respectfully submitted,

OATS & MARINO
A Partnership of Professional Corporations

\_\_\_s/ Patrick McIntire_____
PATRICK B. McINTIRE (La. 17052)
100 E. Vermilion Street, Suite 400
Lafayette, La. 70501
Ph. 337-233-1100
pmcintire@oatsmarino.com
*Counsel for Sheriff Theriot*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2020, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel for all parties by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service this filing to the following non-CM/ECF participants: NONE.

_____s/ Patrick McIntire_____
**PATRICK B. McINTIRE**