UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANNE WHITE HAT, et al | *  CIVIL ACTION NO. 6:20-cv-00983 |
| VERSUS | *   JUDGE ROBERT R. SUMMERHAYS |
| JEFF LANDRY, ET AL | *  MAGISTRATE JUDGE CAROL B. WHITEHURST |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ANSWER AND AFFIRMATIVE DEFENSES**
**OF FORMER SHERIFF RONALD J. THERIOT**

NOW INTO COURT, through undersigned counsel, comes Ronald J. Theriot, formerly Sheriff of St. Martin Parish, and now retired from that office, who, in response to the Complaint for Declaratory and Injunctive Relief, respectively avers as follow:

1.

The allegations of paragraph 1 are denied.

2.

The allegations of paragraph 2 are denied.

3.

The allegations of paragraph 3 are denied as written. Before August 1, 2018, La. R.S. 14:61 not only prohibited unauthorized entry into visible and discreet land areas completely enclosed by physical barriers, but it also applied to remaining upon or in the premises of a critical infrastructure after having been forbidden to do so by an authorized person. Any remaining allegations of paragraph 3 are denied.

4.

The allegations of paragraph 4 are denied as written. It is admitted that as of August 1, 2018, the definition of critical infrastructure includes "pipelines" as defined by the statute. The remaining allegations of paragraph 4 are denied.

5.

The allegations of paragraph 5 are denied.

6.

The allegations of paragraph 6 are denied.

7.

The allegations of paragraph 7 are denied as written. It is admitted that before August 1, 2018, those who engage in civil disobedience by remaining on pipeline property or pipeline construction sites after being forbidden faced a misdemeanor charge of trespass, and that after August 1, 2018, such civil disobedience now carries a possible felony charge. The remaining allegations of paragraph 7 are denied.

8.

The allegations of paragraph 8 are denied.

9.

The allegations of paragraph 9 are denied.

10.

The allegations of paragraph 10 are denied as written. It is admitted that several people were arrested under charges of trespassing upon the pipeline construction site. Any remaining allegations of paragraph 10 are denied.

11.

The allegations of paragraph 11 are denied.

12.

The allegations of paragraph 12 are denied as written. It is admitted that the pipeline company was found to have trespassed upon certain property because it had not secured the consent of the owners of a very small fractional interest, nor had it completed an expropriation action against them. The ruling of the Louisiana State Court came after completion of construction on the property at issue. Upon information and belief, no criminal complaints were filed against the pipeline company while it was on the subject property. Protestors at the site had the permission of the small fractional interest co-owners of the property, but had been denied permission to be present on the property by the owners of more than 90% interest in the property. Thus, protestors were trespassing on the subject property at various times and received warning to vacate the pipeline premises before any arrests were made. Any remaining allegations of paragraph 12 are denied.

13.

The allegations of paragraph 13 are denied.

**NATURE OF THE ACTION**

14.

The allegations of paragraph 14 contain legal conclusions which require no response. However, in the event a response is required allegations of paragraph 14 are denied.

15.

The allegations of paragraph 15 are denied.

## JURISDICTION

16.

The allegations of paragraph 16 are denied.

17.

The allegations of paragraph 17 are denied.

18.

The allegations of paragraph 18 are denied as originally pled. It is admitted that venue is proper in the Western District of Louisiana.

## PARTIES

19.

The allegations of paragraph 19 are denied as written. It is admitted that Plaintiff Anne White Hat was arrested on September 18, 2018 and charged with 2 felony counts under La. R.S. 14:61 for conduct on September 3, 2018 within the pipeline construction site. The remaining allegations of paragraph 19 are denied.

20.

The allegations of paragraph 20 are denied as written. It is admitted that Ramon Mejia was arrested on August 18, 2018 and charged under La. R.S. 14:61. The remaining allegations of paragraph 20 are denied.

21.

The allegations of paragraph 21 are denied as written. It is admitted that Karen Savage was arrested on August 18, 2018 and charged under La.R.S. 14:61. It is further admitted that Karen Savage was arrested a second time on September 18, 2018 and charged for conduct that

occurred on September 3, 2018 in violation of La. R.S. 14:61. The remaining allegations of paragraph 21 are denied.

22.

The allegations of paragraph 22 are denied.

23.

The allegations of paragraph 23 are denied.

24.

The allegations of paragraph 24 are denied.

25.

The allegations of paragraph 25 are denied.

26.

The allegations of paragraph 26 are denied.

27.

The allegations of paragraph 27 are denied.

28.

The allegations of paragraph 28 are denied.

29.

The allegations of paragraph 29 are denied.

30.

The allegations of paragraph 30 naming Jeff Landry in his official capacity as Attorney General as a defendant herein require no response.

31.

The allegations of paragraph 31 naming Bo Duhé in his official capacity as District Attorney of the 16th Judicial District require no response.

32.

The allegations of paragraph 32 are denied as written. It is admitted that Ronald J. Theriot was the Sheriff of St. Martin Parish until June 30, 2020, at which time he retired from office. It is admitted that at all times relevant to this Complaint, Theriot was acting and continued to act under color of state law. It is denied that Theriot has any current authority to enforce the law in St. Martin Parish. Any remaining allegations of paragraph 32 are denied.

## FACTUAL BACKGROUND

33-64.

The allegations in paragraph 33-64 do not require a response from this defendant. To the extent a response is necessary, the allegations are denied for lack of sufficient information to justify a belief therein.

### III. THE NEWLY AMENDED LAW AS APPLIED TO PROTESTORS AND A TRESPASSING PIPELINE COMPANY

65.

The allegations in paragraph 65 are denied as written. It is admitted that at the time the amendments La. R.S. 14:61 went into effect, the Bayou Bridge Pipeline was being contested in the courts and constructed in St. Martin Parish amid ongoing protests. The remaining allegations of paragraph 65 are denied.

66.

The allegations in paragraph 66 are denied as written. It is admitted that plaintiffs were present during pipeline construction on a remote 38-acre parcel of property in St. Martin Parish which is only accessible by boat. Any remaining allegations of paragraph 66 are denied.

67.

The allegations in paragraph 67 are denied as written. It is admitted that the property at issue was co-owned by numerous individuals. The remaining allegations of paragraph 67 are denied for lack of sufficient information to justify a belief therein.

68.

The allegations of paragraph 68 are denied for lack of sufficient information to justify a belief therein.

69.

The allegations of paragraph 69 are admitted as of August 1, 2018.

70.

The allegations of paragraph 70 are denied for lack of sufficient information to justify a belief therein.

71.

The allegations of paragraph 71 are denied for lack of sufficient information to justify a belief therein.

72.

The allegations of paragraph 72 are denied for lack of sufficient information to justify a belief therein.

73.

The allegations of paragraph 73 are denied as written. It is admitted that off duty officers from the St. Martin Parish Sheriff's office were permitted to act as security officers through Hub Enterprises. The remaining allegations of paragraph 73 are denied.

74.

The allegations of paragraph 74 are denied as written. It is admitted that all off duty officers working private security through Hub Enterprises were required to wear their uniforms and badges and to carry their duty weapons. Off duty deputies did not operate official boats and vehicles. Any remaining allegations of paragraph 74 are denied.

75.

The allegations of paragraph 75 are denied as written. It is admitted that St. Martin Sheriff Deputies made various arrests, including arrests of plaintiff's Ramon Majia, Karen Savage and Anne White Hat for trespass upon critical infrastructure and for remaining after forbidden. The remaining allegations of paragraph 75 are denied.

76.

The allegations of paragraph 76 are denied as written. Its is denied that St. Martin Parish Deputies, either on duty or off duty, participated in the arrest of 2 women and 1 man who were paddling on navigable waters. Any remaining allegations of paragraph 76 are denied.

77.

The allegations of paragraph 77 are admitted.

78.

The allegations of paragraph 78 are denied for lack of sufficient information to justify a belief therein.

79.

The allegations of paragraph 79 are denied for lack of sufficient information to justify a belief therein.

80.

The allegations of paragraph 80 are denied as written. It is admitted that the charges against White Hat, Savage and Majia have not been accepted by the District Attorney of St. Martin Parish. Any remaining allegations of paragraph 80 are denied for lack of sufficient information to justify a belief therein.

81.

The allegations of paragraph 81 are denied for lack of sufficient information to justify a belief therein.

82.

The allegations of paragraph 82 are denied for lack of sufficient information to justify a belief therein.

83.

The allegations of paragraph 83 are denied for lack of sufficient information to justify a belief therein.

84.

The allegations of paragraph 84 are denied. In further response, just as the pipeline company committed a trespass because it did not have the consent of 100% of the property owners, so too the plaintiff's did not have the consent of 100% of the property owners to be present upon the property at issue.

**IV.     Plaintiffs Do Not Have Adequate Notice of What Conduct is Prohibited and Are Concerned About Their Ability to Exercise their First Amendment Rights to Peacefully Protest Pipeline Projects they Believe are Harmful to People and the Environment.**

**A.     Plaintiffs Arrested and Charged with Felonies Under the New Law**

85.

The allegations of paragraph 85 are denied as written. It is admitted that plaintiffs White Hat, Majia and Savage were all arrested and charged under La. R.S. 14:61. The remaining allegations of paragraph 85 are denied.

86.

The allegations of paragraph 86 are denied as written. It is admitted that White Hat, Majia and Savage were arrested and charged with unauthorized entry of a critical infrastructure. It is denied that they had permission from all co-owners of the property to enter and remain. The remaining allegations of paragraph 86 are denied for lack of sufficient information to justify a belief therein.

87.

The allegations of paragraph 87 are admitted.

88.

The allegations of paragraph 88 are denied as written. The affidavit for Savage's arrest warrant, being a written instrument, is the best evidence of its content. Any remaining allegations are denied.

89.

The allegations of paragraph 89 are denied as written. The affidavit for White Hat's arrest warrant, being a written instrument, is the best evidence of its content. Any remaining allegations are denied.

90.

The allegations of paragraph 90 are denied.

91.

The allegations of paragraph 91 are denied as written. It is admitted that Savage was arrested along with Majia on August 18, 2018. The affidavits for the warrants, being written instruments are the best evidence of their content. The remaining allegations of paragraph 91 are denied.

92.

The allegations of paragraph 92 are denied as written. The pipeline construction project met the definition of critical infrastructure at the time of the arrest. Any remaining allegations of paragraph 92 are denied.

93.

The allegations of paragraph 93 are denied.

94 – 108.

The allegations of paragraph 94-108, regarding plaintiffs who have been dismissed from this action are denied.

### COUNT I – AS AMENDED, LA. R.S. 14:61 IS UNCONSTITUTIONALLY VAGUE
**(Fourteenth Amendment: Vold for Vagueness)**

109.

Defendant incorporates his previous responses to the previous paragraphs as set forth above.

110.

The allegations of paragraph 110 are denied.

111.

The allegations of paragraph 111 are denied.

112.

The allegations of paragraph 112 are denied.

113.

The allegations of paragraph 113 are denied.

114.

The allegations of paragraph 114 are denied.

115.

The allegations of paragraph 115 are denied.

**COUNT II – AS AMENDED, LA. R.S. 14:61 VIOLATES PLAINTIFFS' RIGHTS UNDER THE FIRST AMENDMENT OT THE U.S. CONSTITUTION**

116.

Defendant incorporates his previous responses to the previous paragraphs as set forth above.

117.

The allegations of paragraph 117 are admitted.

118.

The allegations of paragraph 118 are denied.

119.

The allegations of paragraph 119 are denied as written. It is admitted that plaintiff's White Hat and Majia had been arrested and charged with felonies. It is denied that the arrest were for

simply walking on to and standing in what was deemed to be critical infrastructure. Any remaining allegations are denied.

120.

The allegations of paragraph 120 are redundant and are denied as written. It is admitted that plaintiff Savage was arrested and charged with felonies as previously set forth above. It is denied that the arrests were for simply standing and taking pictures of what was deemed critical infrastructure. The remaining allegations of paragraph 120 are denied.

121.

The allegations of paragraph 121 regarding dismissed plaintiffs are denied.

122.

The allegations of paragraph 122 are denied.

### COUNT III – AS AMENDED, LA. R.S. 14:61 VIOLATES PLAINTIFFS' RIGHTS UNDER THE FIRST AMENDMENT OT THE U.S. CONSTITUTION BECAUSE IT SINGLES OUT A PARTICULAR VIEWPOINT FOR HARSHER PUNISHIMENT

123.

Defendant incorporates his previous responses to the previous paragraphs as set forth above.

124.

The allegations of paragraph 124 are denied.

125.

The allegations of paragraph 125 are denied for lack of sufficient information to justify a belief therein.

126.

The allegations of paragraph 126, being legal conclusions, require no response.  However, in the event a response is required, the allegations of paragraph 126 are denied.

127.

The allegations of paragraph 127, being legal conclusions, require no response.  However, in the event a response is required, the allegations of paragraph 127 are denied.

128.

The allegations of paragraph 128 are denied.

129.

The allegations of paragraph 129 are denied.

### COUNT IV – AS AMENDED, LA. R.S. 14:61 IS UNCONSTITUTIONALLY OVERBROAD IN VIOLATION OF THE FIRST AMENDMENT TO THE U.S. CONSTITUTION

130.

Defendant incorporates his previous responses to the previous paragraphs as set forth above.

131.

The allegations of paragraph 131 being legal conclusions require no response.  However, in the event a response is required the allegations of paragraph 131 are denied.

132.

The allegations of paragraph 132 being legal conclusions require no response.  However, in the event a response is required the allegations of paragraph 132 are denied.

133.

The allegations of paragraph 133 are denied.

134.

The allegations of paragraph 134 are denied.

135.

The allegations of paragraph 135 are denied.

## **COUNT V – AS AMENDED, LA. R.S. 14:61 IS UNCONSTITUTIONAL AS APPLIED**

136.

The allegations of paragraph 136 are denied.

137.

The allegations of paragraph 137 are denied.

AND NOW, in further response to the Complaint, Defendant respectfully avers as follows:

138.

In the event that Plaintiffs are awarded Declaratory or Injunctive relief finding the 2018 amendment to La.R.S. 14:61 unconstitutional in anyway, then any award of attorney fees and/or costs should be entered against the State of Louisiana which is responsible for the legislation at issue, rather than against the Sheriff, who was charged with enforcing the law as written.

Respectfully submitted,

OATS & MARINO
A Partnership of Professional Corporations

\_\_\_s/ Patrick McIntire_____
PATRICK B. McINTIRE (La. 17052)
100 E. Vermilion Street, Suite 400
Lafayette, La. 70501
Ph. 337-233-1100
pmcintire@oatsmarino.com
*Counsel for Sheriff Theriot*